980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randy POWELL, Petitioner/Appellant,
v.
Howard A. PETERS III, Director, Illinois Department of
Corrections, and Roland Burris, Attorney General
of Illinois, Respondents/Appellees.
 No. 91-3862.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 3, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 An Illinois jury convicted Randy Powell of attempted murder, aggravated battery, and armed violence. Powell's convictions arose from a run-in he had with Arnold Wayne. According to the evidence at trial, which included the testimony of both Wayne and Powell, Wayne had warned Powell, a frequent visitor, to stay away from his home. When Powell returned after being warned, Wayne and Powell got into a fight that ended when Powell shot Wayne four times. Wayne claimed that Powell shot him while he lay helpless on the ground, and Powell claimed that Wayne was shot when Powell's gun went off by Wayne's hand during the fight. Other evidence supported Wayne's testimony and the jury convicted Powell. After exhausting his state court remedies for relief from these convictions, Powell filed in federal district court a petition for writ of habeas corpus. 28 U.S.C. § 2254. The court denied the petition and Powell now appeals.
 
 
 2
 Powell raises two claims on appeal. First he claims that the trial court erred under Brady v. Maryland, 373 U.S. 83 (1963), by denying his motion to compel discovery of Wayne's mental health records. The records Powell seeks are from a short stay Wayne had at the Tinley Park Mental Health Center in 1974. Powell wanted to use Wayne's past problems with drugs and obsessive compulsive neurosis to support his theory that he acted in self defense against Wayne's aggression.
 
 
 3
 Brady holds that a prosecutor's suppression of evidence that is material to guilt or punishment and is favorable to the defense violates the Due Process Clause of the Constitution. 373 U.S. at 87. The court's denial of Powell's request for Wayne's mental records does not offend this holding. Brady is not even implicated here because the prosecution did not suppress the records that Powell sought; they belonged to the Tinley Park Mental Health Center, a nonparty. Moreover, the records were not material to Powell's defense. The trial court reviewed the records before ruling on the motion. The court found that the records concerned Wayne's mental health from twelve years prior to trial, showed no penchant for violence, and would be used as impeachment (rather than exculpatory) evidence. The court therefore denied the motion. This ruling did not violate the Constitution.
 
 
 4
 Powell's second claim is that the trial court should have granted him a new trial based on newly discovered evidence. The evidence that Powell argued merited a new trial was Wayne's arrest on drug and gun charges two weeks after the jury returned the verdict in Powell's case. Powell claimed that in a new trial this new evidence would destroy Wayne's credibility and lead to his acquittal. Powell tries to give this argument a constitutional dimension by saying that refusal to grant a new trial violates Brady and cases like Napue v. Illinois, 360 U.S. 264, 269 (1959), which hold that a prosecutor must correct testimony that he knows is false. These cases, however, are irrelevant to the trial court's denial of this motion. In denying the motion, the court cited Illinois law that requires, among other things, that the newly discovered evidence must have been in existence at the time of trial. The court, obviously, concluded that it was not. The court's ruling made no mention of federal constitutional law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). The court ruled that Powell did not meet Illinois' requirements for granting a new trial; that is a ruling on which we are constrained from passing judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs